IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE JACKSON                    *
                                 *
v.                               *     Civil Action No. WMN-16-358
                                 *
RELIASOURCE, INC. et al.         *

   *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM AND ORDER

Plaintiff Andre Jackson initially brought this suit under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. (FLSA), and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, et seq. (MWHL), seeking overtime compensation for hours worked in excess of 40 hours per week.  He brings this suit against his former employer, ReliaSource, Inc. (ReliaSource) and ReliaSource's owners, Joseph and Julie Zuramski.  As discussed below, the substantive issue in this action is a straightforward one, i.e., whether or not Plaintiff was exempt from overtime pay under the executive employee exception of the FLSA, 29 C.F.R. § 541.100(a), and the parallel provision of the MWHL, Md. Code Ann., Lab & Empl. § 3-403(a)(1).  While that legal question is relatively straightforward, the parties, or at least their counsel, have made this action somewhat more procedurally complex.

Plaintiff filed this action on February 8, 2016.  After Defendants filed their Answer, Plaintiff filed a motion for leave to file an amended complaint on April 13, 2016.  ECF No. 15.  In addition to adding additional allegations of facts in support of his existing claims, Plaintiff seeks to bring an additional claim into this suit under the Maryland Wage Payment Collection Law, (MWPCL), asserting that Defendants failed to pay him all the wages he was due for work performed before the termination of his employment.  Plaintiff (or Plaintiff's counsel) states that "[s]ince the filing of Plaintiff's initial Complaint, Plaintiff has received notice that Plaintiff is no longer employed with ReliaSource, Inc."  Id. at 1.  Defendants represent, and Plaintiff does not dispute, that Plaintiff was not terminated, but actually gave notice of his resignation on March 1, 2016.  The motion for leave to file an amended complaint is fully briefed and pending.

On April 26, 2016, Defendants filed a motion for summary judgment, arguing that the undisputed facts demonstrate that Plaintiff was an exempt employee.  ECF No. 18.  On that same date, Defendants also filed a motion for sanctions positing that Plaintiff's employment was so clearly exempt from overtime pay that his bringing of this suit is sanctionable under Rule 11 of

the Federal Rules of Civil Procedure.  ECF No. 19.[1]

Unfortunately, when electronically filing their motion for

summary judgment, Defendants' counsel mistakenly attached a copy

of the memorandum of law in support of their motion for

sanctions, instead of the memorandum of law in support of their

motion for summary judgment.

    A cursory review of the mistakenly attached memorandum

should have revealed the error.  The memorandum was clearly

captioned as a "Memorandum of Law in Support of Defendants'

Motion for Sanctions Against Plaintiff Andre Jackson" and was

identical to the memorandum attached to the other motion filed

that same day.  Rather than simply communicating with

Defendants' counsel, informing counsel of the error, and

providing the opportunity to correct it, Plaintiff's counsel

filed an opposition to the motion for summary judgment in which

counsel complains that Defendants have provided "little, if any,

factual or legal analysis in support of their motion."  ECF No.

24 at 2.  Three days after this opposition was filed, Defendants

filed the intended memorandum in support of their summary

judgment motion.  Defendants then proceeded to file a reply

---

[1] Following the dictates of Rule 11, Defendants first served the
motion for sanctions on Plaintiff prior to presenting it to the
Court.  The motion was served on Plaintiff on March 23, 2016,
and Defendants hypothesize that the service of this motion was
the impetus for Plaintiff's filing of a motion for leave to
amend his original complaint with additional factual
allegations.

memorandum in support of the summary judgment motion in which
they complain of Plaintiff's failure in his opposition to deny
or dispute arguments Defendants made in their motion - arguments
that, of course, Plaintiff did not see until after Plaintiff's
opposition was filed.

Citing counsel's inability to respond to arguments it had
not seen, Plaintiff filed a motion for leave to file a surreply,
which the Court granted.  Plaintiff filed a surreply on June 30,
2016.  ECF No. 36.  On July 12, 2016, Plaintiff's counsel wrote
to the Court complaining about inadequate discovery responses
from Defendants.  ECF No. 37.  This case was referred to
Magistrate Judge David Copperthite for discovery management and,
after a conference call with counsel, Judge Copperthite ordered
Defendants to produce a significant amount of additional
discovery.  ECF No. 40.  After a period of additional discovery,
Defendants filed a supplement in support of their summary
judgment motion, ECF No. 52, and Plaintiff filed a supplemental
opposition.  ECF No. 53.  The motion for summary judgment is now
fully briefed and pending, as is the motion for sanctions.

The process of briefing the summary judgment motion has
spawned a fourth motion, a motion to strike filed by Plaintiff.
ECF No. 28.  Plaintiff complains in his motion to strike that,
with Defendants' reply memorandum in support of the summary
judgment motion, Defendants attached new documents not

4

previously disclosed to Plaintiff as well as an unsworn and unsigned "affidavit" of Defendant Joseph Zuramski.  The motion to strike is now fully briefed and pending.

Turning first to the motion to strike, Plaintiff opines that the document submitted by Defendants with their reply is technically not an affidavit in that it was not "'sworn to before someone who is authorized to administer an oath.'"  ECF No. 28-1 at 2 (quoting Elder-Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006)).  While the document is more in the nature of a declaration, it is deficient as a declaration because it is unsigned.  Plaintiff also maintains that it contains inadmissible hearsay.  Furthermore, Plaintiff complains that the three emails attached to the document were not previously produced in discovery.[2]

Defendants' response to this motion was simply to request that the Court permit Defendants to substitute a now signed copy of the affidavit for the unsigned version.  Defendants represent that Mr. Zuramski was "out of the country" when the reply was filed and, therefore, was unable to sign it.  ECF No. 32 at 1. As Plaintiff noted in his reply memorandum, however, the now-signed affidavit submitted with the opposition to the motion to

---

[2] The Court notes that this might be explained by the fact that Defendants' reply was filed on May 31, 2016, well before Magistrate Judge Copperthite ordered additional discovery.

strike indicates that it was signed on May 31, 2016, the same date on which Mr. Zuramski was supposedly out of the country. While the Court assumes that the document was simply misdated, it is plainly deficient as filed.  If Defendants' counsel's representation concerning Mr. Zuramski's whereabouts is accurate, he could not have signed the document on the date so indicated.  The Court will grant the motion to strike.[3]

Plaintiff's motion for leave to file an amended complaint presents some additional conundrums.  As noted above, Plaintiff's counsel states that Plaintiff "received notice" that his employment was "terminated" when, in fact, Plaintiff gave notice that he was resigning on March 1, 2016.  Plaintiff stated in his deposition that after he gave notice that he was quitting, on that same day he "walked out the door.  Email was shut down that day, locks were changed."  Pl.'s Dep. at 12-13. Nevertheless, Plaintiff alleges somewhat cryptically in the proposed Amended Complaint that his "final day of employment with Defendants was between March 1, 2016 and March 15, 2016." Am. Compl. ¶ 58.

Defendants' counsel called out Plaintiff's counsel for these obfuscations and suggests that Plaintiff should know what

---

[3] The striking of the document is ultimately inconsequential in that the Court's consideration of the document and attached emails would not alter the Court's assessment of the merits of Defendants' summary judgment motion.

the last day of his employment was and "[u]ndoubtedly, if his
employment had been terminated shortly after the filing of the
complaint, he would have filed a claim for retaliation."  ECF
No. 16 at 2.  In his reply in support of the motion to amend,
Plaintiff's counsel responds that, in light of his voluntary
resignation, Plaintiff "has chosen not to file a retaliation
claim at this time."  ECF No. 22 at 5.  Remarkably, he also
asserts that he "may seek to file a retaliation claim if
sufficient facts to establish a retaliation claim are presented
during pretrial discovery."  Id. at 5 n.1.  Because Plaintiff
resigned, any claim of retaliatory discharge would have to be
premised on a theory of constructive discharge.  If Plaintiff
resigned, presumably he understands why he resigned and it is
unclear how new information disclosed in discovery could augment
that understanding.

Aside from highlighting the above obfuscations, Defendants'
opposition offers no direct challenge to the merits of
Plaintiff's MWPCL claim.  That Plaintiff's employment ended by
resignation as opposed to termination does not affect the
viability of the claim.  See Medex v. McCabe, 811 A.2d 297 (Md.
2002) (a plaintiff who had resigned was permitted to bring a
MWPCL claim for unpaid commissions).  Whether Plaintiff actually
worked during the period between March 1 and March 15, 2016, is
also not determinative of his MWPCL.  If Plaintiff was entitled

to overtime pay while employed, a MWPCL claim can be asserted for that unpaid overtime.  See Peters v. Early Healthcare Giver, Inc., 97 A.3d 621, 625 (Md. 2014) (reaffirming "that both the [M]WHL and the [M]WPCL are vehicles for recovering overtime wages").  Whether Plaintiff is entitled to overtime wages is, of course, the focus of Defendants' motion for summary judgment.

Under Rule 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.  In ruling on a motion for summary judgment, the Court must "view the evidence in the light most favorable to . . . the nonmovant and draw all reasonable inferences in [his] favor." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).

In moving for summary judgment, Defendants do not assert that Plaintiff worked 40 hours or less per week but argue that he is an exempt employee under the "executive employee

exemption" of the FLSA as defined in the Department of Labor regulations.  29 C.F.R. § 541.100(a).  It is well settled in the Fourth Circuit that "'employers must prove application of the exemptions by clear and convincing evidence.'"  Desmond v. PNGI Charles Town Gaming, LLC, 564 F.3d 688, 691 n.3. (4th Cir. 2009) (quoting Shockley v. City of Newport News, 997 F.2d 18, 21 (4th Cir. 2008)).  Moreover, it is also well settled in this Circuit that "FLSA exemptions are to be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and spirit.'"  Id. at 692 (quoting Arnold v. Ben Kanowsky, 361 U.S. 388, 392 (1960)).

The Department of Labor regulations define an "executive" employee as any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week ... exclusive of board, lodging or other facilities;

> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

> (3) Who customarily and regularly directs the work of two or more other employees; and

> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a).  All four criteria must be met for an employee to fall within the exemption.

There is no dispute that the conditions of Plaintiff's employment satisfy the first of those criteria.  Plaintiff was paid $55,000 annually, or $1,052.69 weekly from September 2010 until January 1, 2016, when his salary was increased to $65,000.  Thus, at all times relevant, Plaintiff made more, in fact significantly more, than the $455 weekly salary set out in the regulations.

As to the remaining three criteria, the Court finds that the record is abounding with genuine disputes of material fact.  With respect to the second prong of the requirements for this exemption, the regulations state that "management" includes, but is not limited to, the following activities:

> (1) interviewing, selecting, and training of employees; (2) setting and adjusting their rates of pay and hours of work; (3) directing the work of employees; (4) maintaining production or sales records for use in supervision or control; (5) appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; (6) handling employee complaints and grievances; (7) disciplining employees; (8) planning the work; (9) determining the techniques to be used; (10) apportioning the work among the employees; (11) determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; (12) controlling the flow and distribution of materials or merchandise and supplies; (13) providing for the safety and security of the employees or the property; (14) planning and controlling the budget; and (15) monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102 (numeric parentheticals added).

For management to be an employee's "primary duty," it must be the "[p]rincipal, main, major or most important duty that the employee performs."  29 C.F.R. § 541.700(a).  In making this determination, courts consider factors including:

> [t]he relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

Id.

In moving for summary judgment, Defendants rely heavily on Joseph Zuramski's first "affidavit" submitted with the motion. ECF No. 18-9.  Zuramski represents that when Plaintiff received his raise in September of 2010 and ceased being an hourly worker, he was elevated to the position of "Technical Lead." Id. ¶¶ 3, 4.  Zuramski describes Plaintiff's Technical Lead position as a position with duties of "oversight over the lead technicians and management of large teams of field technicians at remote job locations."  Id. ¶ 4.[4]  Zuramski states that, in that capacity, Plaintiff directed the work of teams of technicians, kept timesheets, made travel arrangements for himself and others, and prepared numerous reports.  Id. ¶¶ 4-6.

---

[4] ReliaSource provides, among other services, computer and technology relocation services and Plaintiff's employment was primarily related to those relocation services.

Zuramski also states that Plaintiff was the "HUB Zone personnel manager for ReliaSource" and, in that capacity, interviewed job candidates, made the decision to hire at least nine employees and determined the pay rate for those employees, and made the recommendation to fire one employee, a recommendation that was followed.  Id. ¶ 7.

Plaintiff paints a very different picture of his position. He states that for every project on which he worked, there was a project manager to whom he reported and who actually planned, scheduled, budgeted, and directed the project.  He posits that his work "primarily involved manual labor" and he had no "authority to hire and fire, promote or discipline any employee."  Pl.'s Aff. ¶ 7., ECF No. 24-2.[5]  He states that he did not plan or control the budget for any project while employed at ReliaSource.  Id. ¶ 33.

As for his role in managing the "Hub Zone," Plaintiff explains that this was a program initiated by ReliaSource to help increase the number of employees from a certain neighborhood or zone so that ReliaSource could maintain its status as a minority company and continue to qualify for government contracts.  His interviewing and hiring of potential employees was simply going through a checklist to confirm that

---

[5] The Court notes that Plaintiff has captioned his submission as an "affidavit," despite the fact that it was not "sworn to before someone who is authorized to administer an oath."

the applicant resided in the zone - a checklist that he had no part in constructing - and, if the applicant met a predetermined criteria, signing an offer letter that he had no part in preparing.  Id. ¶¶ 21-28.  He directly contradicts Zuramski's representations that he had any definitive role in the hiring or firing of any employee, or influencing the pay rates of other employees.  Id. ¶¶ 28, 31, 32.

Plaintiff further elaborates in his deposition that his work on jobsites was the same or similar as that of other technicians on the jobsite who were paid an hourly wage.  Pl.'s Dep. at 212-13, ECF No. 52-1.  He states that he had no role in the planning, logistics, scheduling, or budgeting of projects but simply followed the instructions of the project managers. Id. at 212, 222.  Plaintiff states that, in addition to doing "dump runs" to dispose of old computer equipment, he was on various occasions required to shovel mud into buckets and haul those buckets to a dumpster, paint an office, and clean up after a demolition project.  Id. at 203-06.  He also clarified that he spent no more than 2% to 3% of his time dealing with Hub Zone issues.  Id. at 219-20.

Plaintiff does acknowledge some management type responsibilities.  While he states that his work primarily involved manual labor, he states that he did that work "alongside technicians who were under [his] supervision."  Pl.'s

Aff. ¶ 11 (emphasis added).  As Defendants argue, just because he had managers above him that supervised his work does not eliminate the possibility that he, in turn, managed other employees.  Plaintiff's level of compensation also gives some credence to Defendants' contention that Plaintiff was an exempt employee.

While Defendants might ultimately be able to establish Plaintiff's exempt status, viewing the evidence in the light most favorable to Plaintiff as the nonmoving party, the Court determines that Defendants' motion for summary judgment must be denied.  Given that the Court finds that there are genuine disputes as to material facts as to Plaintiff's employment status, Defendants' motion for sanctions must also be denied.

In previous correspondence with the Court, the parties indicated that reference to a magistrate for a settlement conference might be appropriate after the resolution of these motions.  ECF No. 51 at 3.  The Court, therefore, requests that the parties submit a joint status report within ten days indicating whether such a reference would be appropriate or whether the case should be set for trial.

Accordingly, IT IS this 18th day of January, 2017, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 15, is GRANTED and the Amended Complaint is deemed filed as of the date of this Memorandum and Order;

(2) That Defendants' Motion for Summary Judgment, ECF No. 18, is DENIED;

(3) That Defendants' Motion for Sanctions, ECF No. 19, is DENIED;

(4) That Plaintiff's Motion to Strike the Affidavit of Defendant Joseph Zuramski, ECF No. 28, is GRANTED;

(5) That the Parties shall submit a joint status report to the Court within 10 days of the date of this Memorandum and Order; and

(6) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge