IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE JACKSON                    *
                                 *
v.                               *    Civil Action No. WMN-16-358
                                 *
RELIASOURCE, INC. et al.         *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM**

Plaintiff filed this suit on February 8, 2016, alleging
violations of the federal Fair Labor Standards Act (FLSA), 29
U.S.C. §§ 201 et seq., and the Maryland Wage and Hour Law
(MWHL), Md. Code Ann., Lab. & Empl. §§ 3-401 et seq.  Plaintiff
subsequently filed an Amended Complaint that added a claim under
the Maryland Wage Payment and Collection Law (MWPCL).  The case
was tried by jury in a trial that commenced on April 24, 2017,
and lasted for four days.  The jury returned a verdict in
Plaintiff's favor, awarding him $12,142.31 in unpaid overtime
wages, $12,142.31 in liquidated damages, and $5,000.00 in
additional damages under the MWPCL.

Plaintiff has filed a motion seeking the award of
$206,330.00 in attorneys' fees and $4,328.70 in costs.  ECF No.
88.  Defendants opposed that motion, and also filed a Motion for
New Trial Nisi Remittitur, ECF No. 94, asking the Court reduce
the amount of damages that the jury awarded to Plaintiff.
Plaintiff opposed that motion and also filed a reply in further

support of his motion for fees.  In those filings, Plaintiff
seeks additional awards of $4,160.00 in attorneys' fees for time
spent responding to Defendants' opposition to the fee petition,
and $5,320.00 for time spent opposing the Motion for New Trial
Nisi Remittitur.  Both motions are now ripe.

## A. Motion for New Trial Nisi Remittitur

"Under Rule 59(a) of the Federal Rules of Civil Procedure,
a court may order a new trial nisi remittitur if it 'concludes
that a jury award of compensatory damages is excessive.'" Jones
v. Southpeak Interactive Corp., 777 F.3d 658, 672 (4th Cir.
2015) (quoting Sloane v. Equifax Info. Servs., LLC, 510 F.3d
495, 502 (4th Cir. 207)).  "Indeed, if a court finds that a jury
award is excessive, it is the court's duty to require a
remittitur or order a new trial." Atlas Food Sys. & Servs, Inc.
v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 593 (4th Cir. 1996).
A new trial must be granted if "(1) the verdict is against the
clear weight of the evidence, or (2) is based upon evidence
which is false, or (3) will result in a miscarriage of justice,
even though there may be substantial evidence which would
prevent the direction of a verdict." Knussman v. Maryland,
272 F.3d 625, 639 (4th Cir. 2001) (internal quotations omitted).
The determination as to whether damages are excessive is a
question of law, and is committed to the discretion of the trial

court.  Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 280 (4th Cir. 1999).

Defendants proffer two reasons why the jury award should be reduced.  First, they argue that jury's verdict is excessive because the award of overtime wages is greater than the amount of overtime wages sought by Plaintiff.  In his answer to one of Defendants' interrogatories, Plaintiff indicated that he worked 918.4 overtime hours in the relevant time period, which would entitle him to $9,626.87 in unpaid wages under the FLSA.  ECF No. 99-1.  Defendants introduced that interrogatory answer into evidence at the end of their case, 4/25/17 Tr. at 50, and Defendants' counsel specifically referenced that answer in his closing argument.  4/26/17 Tr. at 18.  In his testimony at trial, Plaintiff stated that he worked approximately 918 hours of unpaid overtime, 4/24/17 Tr. at 71-72, and his counsel also indicated in his rebuttal argument that "Plaintiff is asking for $9,626.87 for unpaid overtime."  4/26/17 Tr. at 39-40.  The jury, however, concluded that Plaintiff was entitled to $12,142.31 in unpaid overtime wages.

While the argument of counsel is not evidence, Plaintiff's interrogatory answer was evidence that was presented to the jury.  In addition, Plaintiff own testimony limited the number of overtime hours on which the FLSA damages could be based and Plaintiff's salary, the other component of the FLSA damages

calculation, was also in evidence.  Thus, there was no evidence from which the jury could arrive at an award greater than the award calculated by Plaintiff, $9,626.87.[1]  Accordingly, the award for unpaid overtime must be reduced to $9,626.87, as must the matching liquidated damages award.

Defendants also argue that the award is excessive because the jury improperly awarded liquidated damages under both the FLSA and the MWPCL.  This Court has held that "Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both."  Quiroz v. Wilhelm Commercial Builders, Inc., No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011).  Furthermore, and of more significance in this case, this Court has consistently held that treble damages under the MWPCA can only be awarded when the plaintiff offers evidence of consequential damages because of the underpayment of wages "such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations."  Clancey v. Skyline Grill, LLC, Civ. No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012); see also

---

[1] Plaintiff argues that the jury also had "Plaintiff's timesheets, paystubs, and other payroll information to perform damages calculations necessary to arrive at a fair and well-reasoned verdict," ECF No. 97 at 5, but, of course, Plaintiff used that same information in his own calculation and arrived at the $9,626.87 figure.

<u>Villatoro v. CTS & Associates, Inc.</u>, Civ. No. DKC 14-1978, 2016 WL 2348003, at *3 (D. Md. May 4, 2016) (noting that "it has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL" when the plaintiff does not offer evidence of consequential damages, even where the defendant offers no evidence of a bona fide dispute).

In opposing the motion, Plaintiff makes no response to this consequential damages argument and he makes no argument, nor could he, that he presented evidence of any consequential damages.  Instead, he attempts to distinguish the cases cited by Defendants on the ground that they were decided on motions for default judgment.  While it is true that these decisions were issued on default judgment motions, that does not change the legal analysis of what must be established to support treble damages under the MWPCL.  In the absence of any evidence of consequential damages, Plaintiff's liquidated damages are limited to those awarded under the FLSA.

The Court will grant Defendants' Motion for New Trial Nisi Remittitur.  Plaintiff shall have 21 days from this date to notify the Court that this remittitur is accepted.  If the Court is not informed of that acceptance within that time period, a new trial on damages will be granted.

**B. Motion for Attorneys' Fees and Costs**

Under § 216(b) of the FLSA, the award of attorney's fees and costs to the prevailing plaintiff is mandatory.  29 U.S.C § 216(b).  Thus, Plaintiffs are entitled to some award of fees.  "The amount of the attorney's fees, however, is within the sound discretion of the trial court."  Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984).

In the exercise of that discretion, courts have found that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  This approach is commonly known as the "lodestar" method.  Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).  In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate under this method, courts look to a number of factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Reyes v. Clime, Civ. No. PWG-14-1908, 2015 WL 3644639, at *2
(citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-
19 (5th Cir. 1974)).  These factors are frequently referred to
as the Johnson factors.[2]  After calculating the lodestar number,
the court must "subtract fees for hours spent on unsuccessful
claims unrelated to successful ones." Grissom, 549 F.3d at 321.
Finally, the court should award "some percentage of the
remaining amount, depending on the degree of success enjoyed by
the plaintiff." Id.

Starting with his lodestar calculation, Plaintiff's counsel
is requesting the award of $206,330.00 based on 577.2 hours of
time expended in this case.  Counsel indicates that 20.8
recorded hours were removed as unnecessary or excessive.
Counsel uses an hourly rate of $400 for each of the three
attorneys who did work on this case and an hourly rate of $150
for paralegals and law clerks.  In light of the years in
practice and experience of the attorneys, these rates are within
the guidelines of Appendix B of this Court's Local Rules,
although they are towards the high end of those guidelines.

---

[2]  The Supreme Court has noted, however, that the subjective
Johnson factors provide "very little guidance" and, in any
event, that "'the lodestar figure includes most, if not all, of
the relevant factors constituting a "reasonable" attorney's
fee.'" Perdue v. Kenny A. ex rel. Winn., 559 U.S. 542, 551, 553
(2010)(quoting Pennsylvania v. Del. Valley Citizens' Council for
Clean Air, 478 U.S. 549, 566 (1986)).

The number of hours for which Plaintiff seeks attorneys'
fees does appear, at first blush, to be excessive for a single
plaintiff overtime case.  As this Court observed in a previous
memorandum opinion, while the legal question at issue in this
action, i.e., whether Plaintiff was an exempt employee, was
"relatively straightforward, the parties, or at least their
counsel have made this action somewhat more procedurally
complex."  ECF No. 54 at 1.  As explained in that memorandum,
both parties contributed somewhat to that unnecessary
complexity, although Defendants' counsel bears more of the blame
than Plaintiff's.

Shortly after this suit was filed and before discovery was
taken, Defendants' counsel filed a motion for summary judgment.
At the same time, Defendants' counsel also filed a motion under
Rule 11 of the Federal Rules of Civil Procedure, arguing that
Plaintiff's claims were so frivolous that the filing of this
suit was sanctionable.  The filing of the summary judgment
motion was certainly premature and, given that a jury found in
favor of Plaintiff, Defendants' motion for sanctions was wholly
without merit.  Nonetheless, Plaintiff had to respond to both.
Furthermore, Defendants' counsel mistakenly filed the wrong
memorandum in support of its motion for summary judgment which
resulted in additional unnecessary filings on the part of
Plaintiff, including a surreply, once Defendants filed the

correct memorandum.  In response to Defendants filing with their
reply an unsigned affidavit and new documents not previously
disclosed, Plaintiff filed a motion to strike which the Court
granted.  In discovery, Defendants failed to adequately respond
to Plaintiff's request which compelled Plaintiff to complain to
the Court.  Defendants were ordered to make more complete
discovery responses and the summary judgment pleadings had to be
supplemented.

Plaintiff's counsel also played some role in adding to the
unnecessary procedural complexity of this action.  As the Court
previously noted, even a "cursory review of the mistakenly
attached memorandum [to the summary judgment motion] would have
revealed the error" and a simple communication with opposing
counsel could have avoided some unnecessary work on the part of
Plaintiff's counsel.  The Court also called out Plaintiff for
some obfuscations connected with the filing of his motion to
amend the complaint.

In addition to the inefficiencies on the part of
Plaintiff's counsel noted by the Court, Defendants point out
some billing anomalies in Plaintiff's petition for fees.
Plaintiff seeks to be awarded fees for two attorneys attending a
settlement conference, which is contrary to the guidelines in
Appendix B of the Local Rules, and for an attorney walking hard

copies of filings over to the Courthouse, a task that certainly could be done at a rate of less than $400 an hour.

As to the other relevant <u>Johnson</u> factors, Plaintiff's counsel represents that it had a contingency fee arrangement with Plaintiff which, given an action involving a single plaintiff with a relatively limited amount in controversy, would tend to render this case less desirable.  While there were no unusual time limitations imposed on the parties in this case, the number of filings made necessary by Defendants' litigation strategy could have precluded Plaintiff's counsel from attending to other litigation.

As to the last <u>Johnson</u> factor, the fees requested here are not dissimilar to those awarded in other FLSA overtime cases. This Court has observed that attorneys' fees awards may "substantially exceed [ ] damages" in civil rights cases and has treated FLSA cases as civil rights cases.  <u>Almendarez v. J.T.T. Enterprises Corp.</u>, No. JKS-06-68, 2010 WL 3385362, at *3 (D. Md. Aug. 25, 2010) (concluding that $84,058.00 in attorneys' fee award was reasonable, even though jury verdict in favor of three of eight plaintiffs awarded plaintiffs only $3,200, $1,200, and $2,200 each); <u>e.g.</u>, <u>Butler v. Directsat USA, LLC</u>, No. DKC-10-2747, 2016 WL 1077158, at *7 (D. Md. Mar. 18, 2016) (approving attorneys' fees award of $258,390.67 in FLSA collective action where plaintiffs had received between $54.36 and $4,197.78, for

a total of approximately $36,000).  The undersigned recently
awarded $140,073.75 in attorneys' fees in a two plaintiff FLSA
overtime action that settled before the parties had to bear the
expense of trial.  Allen v. Enabling Tech. Corp., Civ. No. WMN-
14-4033, 2017 WL 1344490 (D. Md. Apr. 12, 2017)).  In Allen, one
plaintiff was awarded $69,000 and the other $60,000 in the
settlement but those amounts were only about 22% and 44% of the
wages sought by the plaintiffs.  On the basis of that limited
success, the attorneys' fees awarded by the Court represented a
25% reduction of the amount that was requested.

     Here, Plaintiff achieved a relatively high degree of
success.  Plaintiff prevailed on each motion he filed and each
motion he opposed, with the exception of the motion for
remittitur and Plaintiff will be awarded 100% of the overtime
wages he sought.  Plaintiff, however, did not ultimately prevail
on his MWPCL claim, which was the focus of his motion to amend
the complaint.

     In light of the above considerations, the Court determines
that the amount of attorneys' fee requested should be reduced by
20%, resulting in an award of $160,064.00.  In addition, the
Court will award fees for the preparation of the response to
Defendants' opposition to the fee petition, also reduced by 20%,
resulting in an award of $3,328.00.  The Court will not award
any additional fees for Plaintiff's unsuccessful attempt to

oppose the Motion for New Trial Nisi Remittitur.  Defendants did not oppose Plaintiff's request for $4,328.70 in costs and those costs will be awarded.

A separate order consistent with the Memorandum will issue.


_____/s/_____ _____
William M. Nickerson
Senior United States District Judge



DATED: July 28, 2017